**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4 | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**169 Douglas Hill Road, West Baldwin, ME 04091** |
| **Dennis P. Burns and Lorene D. Burns** | **Mortgage:**<br>**March 16, 2006**<br>**Book 23790, Page 223**<br>**Cumberland County Registry of Deeds** |
| **Defendants** | |

NOW COMES the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Dennis P. Burns and Lorene D. Burns, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank

Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, in which the Defendants, Dennis P. Burns and Lorene D. Burns, are the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Five Thousand Nine Hundred Eighty and 58/100 ($125,980.58) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4 is a National Association with its principal/main place of business located 1011 Centre Road, Wilmington, DE 19801.

5. The Defendant, Dennis P. Burns, is a resident of West Baldwin, County of Cumberland and State of Maine.

6. The Defendant, Lorene D. Burns, is a resident of West Baldwin, County of Cumberland and State of Maine.

## FACTS

7. On December 24, 1998, by virtue of a Warranty Deed from Brian K. Bennett and Ann M. Bennett, which is recorded in the Cumberland County Registry of Deeds in **Book 14426, Page 239**, the property situated at 169 Douglas Hill Road, City/Town of West Baldwin, County of Cumberland, and State of Maine, was conveyed to Dennis P. Burns and Lorene D. Burns, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On March 16, 2006, Defendant, Dennis P. Burns , executed and delivered to Champion Mortgage, a Division of Keybank National Association a certain Note under seal in the amount of $135,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on March 16, 2006, Defendants, Lorene D. Burns and Dennis P. Burns, executed a Mortgage Deed in favor of Champion Mortgage, a Division of Keybank National Association, securing the property located at 169 Douglas Hill Road, West Baldwin, ME 04091 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 23790**, **Page 223**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Beneficial Maine Inc. by virtue of an Assignment of Mortgage dated January 31, 2007, and recorded in the Cumberland County Registry of Deeds in **Book 24915**, **Page 264**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Beneficial Maine Inc. by virtue of an Assignment of Mortgage dated February 12, 2013, and recorded in the Cumberland County Registry of

Deeds in **Book 30425**, **Page 276**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to U.S Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated January 22, 2015, and recorded in the Cumberland County Registry of Deeds in **Book 32050**, **Page 110**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to CITIBANK, N.A., as Trustee for CMLTI Asset Trust by virtue of an Assignment of Mortgage dated November 30, 2017, and recorded in the Cumberland County Registry of Deeds in **Book 34587**, **Page 81**.  *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to CITIGROUP Mortgage Loan Trust 2018-A by virtue of an Assignment of Mortgage dated October 1, 2018, and recorded in the Cumberland County Registry of Deeds in **Book 35219**, **Page 232**.  *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to CITIGROUP Mortgage Loan Trust 2018-A (Trust Only) by virtue of an Assignment of Mortgage dated June 6, 2022, and recorded in the Cumberland County Registry of Deeds in **Book 39482**, **Page 327**.  *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4 by virtue of an Assignment of Mortgage dated January 26, 2023, and recorded in the Cumberland County Registry of Deeds in **Book 39961**, **Page 337**.  *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On October 22, 2025, the Defendants, Dennis P. Burns and Lorene D. Burns, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendants, Dennis P. Burns and Lorene D. Burns, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

19. The Defendants, Dennis P. Burns and Lorene D. Burns, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

23. The total debt owed under the Note and Mortgage as of January 29, 2026, is One Hundred Twenty-Five Thousand Nine Hundred Eighty and 58/100 ($125,980.58) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $118,389.71 |
| Interest | $5,106.17 |
| Unpaid Late Charges | $300.00 |
| Recoverable Corporate Advance Balance | $2,184.70 |
| Grand Total | $125,980.58 |

24. Upon information and belief, the Defendants, Dennis P. Burns and Lorene D. Burns, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

25. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, repeats and re-alleges paragraphs 1 through 24 as if fully set forth herein.

26. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 169 Douglas Hill Road, West Baldwin, County of Cumberland, and State of Maine. *See* Exhibit A.

27. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, has the right to foreclosure and sale upon the subject property.

28. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

29. The Defendants, Lorene D. Burns and Dennis P. Burns, are presently in default on said Mortgage and Note, having failed to make the monthly payment due August 21, 2025, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note (Lorene D. Burns did not sign the Note, therefore she has no personal liability in this matter.).

30. The total debt owed under the Note and Mortgage as of January 29, 2026, is One Hundred Twenty-Five Thousand Nine Hundred Eighty and 58/100 ($125,980.58) Dollars.

31. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

32. By virtue of the Defendants, Lorene D. Burns and Dennis P. Burns's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

33. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Dennis P. Burns and Lorene D. Burns, on October 22, 2025, evidenced by the Certificate of Mailing. *See* Exhibit K.

34. The Defendants, Dennis P. Burns and Lorene D. Burns, are not in the Military as evidenced by the attached Exhibit L.

35. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

36. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, repeats and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. On March 16, 2006, the Defendant, Dennis P. Burns , executed under seal and delivered to Champion Mortgage, a Division of Keybank National Association a certain Note in the amount of $135,000.00.  *See* Exhibit B.

38. The Defendant, Dennis P. Burns, is in default for failure to properly tender the August 21, 2025, payment and all subsequent payments.  *See* Exhibit K.

39. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Dennis P. Burns .

40. The Defendant, Dennis P. Burns , having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

41. The Defendant, Dennis P. Burns' , breach is knowing, willful, and continuing.

42. The Defendant, Dennis P. Burns' , breach has caused Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

43. The total debt owed under the Note and Mortgage as of January 29, 2026, if no payments are made, is One Hundred Twenty-Five Thousand Nine Hundred Eighty and 58/100 ($125,980.58) Dollars.

44. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

45. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

46. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, repeats and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. By executing, under seal, and delivering the Note, the Defendant, Dennis P. Burns , entered into a written contract with Champion Mortgage, a Division of Keybank National Association who agreed to loan the amount of $135,000.00 to the Defendants.  *See* Exhibit B.

48. As part of this contract and transaction, the Defendants, Lorene D. Burns and Dennis P. Burns, executed the Mortgage to secure the Note and the subject property.  *See* Exhibit C.

49. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, is the proper holder of the Note and successor-in-interest to Champion Mortgage, a Division of Keybank National Association, and has performed its obligations under the Note and Mortgage.

50. The Defendant,  Dennis P. Burns, breached the terms of the Note and Mortgage by failing to properly tender the August 21, 2025, payment and all subsequent payments.  *See* Exhibit K.

51. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Dennis P. Burns.

52. The Defendant, Dennis P. Burns, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

53. The Defendant, Dennis P. Burns, are indebted to U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4 in the sum of One Hundred Twenty-Five Thousand Nine Hundred Eighty and 58/100 ($125,980.58) Dollars, for money lent by the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, to the Defendants.

54. Defendant Dennis P. Burns's, breach is knowing, willful, and continuing.

55. Defendant Dennis P. Burns's, breach has caused Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

56. The total debt owed under the Note and Mortgage as of January 29, 2026, if no payments are made, is One Hundred Twenty-Five Thousand Nine Hundred Eighty and 58/100 ($125,980.58) Dollars.

57. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

58. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

59. The Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Champion Mortgage, a Division of Keybank National Association, predecessor-in-interest to U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, loaned the Defendant, Dennis P. Burns , $135,000.00.  *See* Exhibit B.

61. The Defendant,  Dennis P. Burns, have failed to repay the loan obligation.

62. As a result, the Defendant,  Dennis P. Burns, have been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4 as successor-in-interest to Champion Mortgage, a Division of Keybank National Association by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, is entitled to relief.

64. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, prays this Honorable Court:

a)  Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b)  Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c)  Grant possession to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, upon the expiration of the period of redemption;

d)  Find that the Defendant, Dennis P. Burns is in breach of the Note by failing to make payment due as of August 21, 2025, and all subsequent payments;

e)  Find that the Defendants, Lorene D. Burns and Dennis P. Burns, are in breach of the Mortgage by failing to make payment due as of August 21, 2025, and all subsequent payments;

f)  Find that the Defendant, Dennis P. Burns, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g)  Find that the Defendant, Dennis P. Burns, is in breach of contract by failing to comply with the terms and conditions of the Note by failing to make the payment due August 21, 2025, and all subsequent payments;

h)  Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, is entitled to enforce the terms and conditions of the Note and Mortgage;

i)  Find that by virtue of the money retained by the Defendant, Dennis P. Burns have been unjustly enriched at the Plaintiff's expense;

j)  Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, to restitution;

k) Find that the Defendant, Dennis P. Burns, is liable to the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, for money had and received;

l) Find that the Defendant, Dennis P. Burns, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Lorene D. Burns and Dennis P. Burns, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, is entitled to restitution for this benefit from the Defendants, Lorene D. Burns and Dennis P. Burns;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Dennis P. Burns, and in favor of the Plaintiff, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Legacy Mortgage Asset Trust 2021-GS4, in the amount of One Hundred Twenty-Five Thousand Nine Hundred Eighty and 58/100 ($125,980.58 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust National Association, not in
its individual capacity but solely as trustee for
Legacy Mortgage Asset Trust 2021-GS4,
By its attorneys,

Dated: February 25, 2026

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com